```
                    IN THE UNITED STATES DISTRICT COURT

                  FOR THE WESTERN DISTRICT OF WASHINGTON

                              AT SEATTLE
```

| | |
|---|---|
| BRADLEY MARSHALL, | Case No. CV-11-5319 SC |
| Plaintiff, | ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEY FEES |
| v. | |
| WASHINGTON STATE BAR ASSOCIATION, et al., | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff Bradley Marshall ("Marshall") brought this action pro se to challenge his disbarment by the Washington Supreme Court. Marshall, an African-American, alleged that his disbarment was motivated by racial prejudice on the part of the fifty-four defendants in this action, including the Washington State Bar Association ("WSBA") and several of its members (collectively, the "WSBA Defendants").

On May 23, 2012, the Court granted the WSBA Defendants' motion for judgment on the pleadings and dismissed Marshall's action with prejudice. ECF No. 79 ("May 23 Order"). The Court found that Marshall's claims had been raised and rejected in a number of previous actions and were therefore barred by res judicata and the Rooker-Feldman doctrine. Id. at 1-2. The Court also found that Marshall was a vexatious litigant and entered a "pre-filing order"

requiring him to seek leave of the Court before filing future actions against the defendants in connection with his disbarment. Id. at 27-29.

Now the WSBA Defendants seek an order requiring Marshall to pay a portion of the WSBA Defendants' attorney fees as a sanction under 28 U.S.C. § 1927.  ECF No. 87 ("Atty Fees Mot.").  The motion is fully briefed.  ECF Nos. 91 ("Opp'n"), 96 ("Reply").  The Court finds this matter appropriate for resolution without oral argument. As detailed below, the Court DENIES the motion.

## II.   BACKGROUND

In its May 23 Order, the Court reviewed in detail Marshall's previous attempts to challenge his disbarment.  See May 23 Order at 3-11.  The Court assumes familiarity with that Order and will not provide a comprehensive review of the procedural history here. Suffice it to say that this action represents Marshall's fourth attempt to challenge his disbarment from the practice of law in Washington state.  Id. at 1.  During his disbarment proceedings before the Washington Supreme Court, Marshall argued that his due process rights had been violated because of bias on the part of his WSBA hearing officers.  Id. at 4.  While his disciplinary proceedings were pending in Washington state court, Marshall filed two unsuccessful collateral attacks in federal court, alleging equal protection and due process violations in both proceedings. Id. at 6-8.  Both collateral attacks were dismissed with prejudice. Id. at 7-9.  The Ninth Circuit affirmed the dismissal of Marshall's second collateral attack, characterizing it as vexatious and wasteful.  Marshall v. Wash. State Bar Ass'n, 448 Fed. Appx. 661,

2

663 (9th Cir. 2011).

Marshall filed this action on April 22, 2011, after the Ninth Circuit affirmed the dismissal of his second collateral attack. Id. at 9.  Marshall's allegations in this action are substantially similar to the allegations set forth in his prior actions.  Id. at 9-10.  However, there are some differences.  For example, in this action, Marshall alleged various ex parte communications among his WSBA hearing officer, WSBA officials, and the justices of the Washington Supreme Court during WSBA meetings.  Id. at 10. Further, Marshall asserted different causes of action this time around, framing the defendants' alleged wrongdoing as employment discrimination.  Id. at 11.  Nevertheless the goal of this action was the same as the others: Marshall sought damages and injunctive relief in connection with his disciplinary proceedings.  Id.

The WSBA Defendants and the other defendants filed separate motions for judgment on the pleadings on January 30, 2012.  ECF Nos. 52 ("WSBA MJP"), 53.  In their motion for judgment on the pleadings, the WSBA Defendants argued that Marshall's claims were barred by the Rooker-Feldman doctrine, res judicata, and collateral estoppel, among other things.  WSBA MJP at 14-32.  The WSBA Defendants requested that the Court dismiss Marshall's claims with prejudice, declare Marshall a vexatious litigant, and enter a pre-filing order requiring Marshall to seek leave of the court prior to filing any additional actions in connection with his disbarment. Id. at 43.  "In addition, (or as an alternative)," the WSBA requested that the Court sanction Marshall under 28 U.S.C. § 1927 by requiring him to "'satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred'" by the WSBA

Defendants. Id. (quoting 28 U.S.C. § 1927).

The Court ultimately agreed that Marshall's claims were barred by the Rooker-Feldman doctrine and res judicata. Id. at 1-2. The Court also granted the WSBA Defendants almost all of the relief they sought. The Court dismissed Marshall's claims with prejudice, declared Marshall a vexatious litigant, and entered a pre-filing order against him. Id. at 27-29. However, the Court did not grant the WSBA Defendants' request for attorney fees.

**III. DISCUSSION**

The WSBA defendants now seek the attorney fees that the Court declined to grant them in its May 23 Order. The WSBA Defendants again move under 28 U.S.C. § 1927, which provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The award of § 1927 sanctions is "committed to the sound discretion of the district court." In re Hunt, 754 F.2d 1290, 1294 (5th Cir. 1985). However, a district court may only award § 1927 sanctions where there has been a finding of bad faith. W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1528 (9th Cir. 1990). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." Id. (internal quotations omitted).

The WSBA Defendants argue that the award of § 1927 sanctions is appropriate because Marshall chose to file this action after his

4

1 two prior collateral attacks on his disbarment proceedings were
2 dismissed with prejudice.  Atty. Fees Mot. at 5.  The WSBA
3 Defendants point out that the Ninth Circuit characterized
4 Marshall's last collateral attack as "vexatious and wasteful."  Id.
5 They also point out that the Court has already found that Marshall
6 is a vexatious litigant with respect to his disbarment proceedings.
7 Id. (citing May 23 Order at 27).  Marshall responds that he should
8 not be sanctioned for filing a civil rights complaint and, if
9 sanctions are awarded, they "will surely chill access to the
10 courts, particularly by those who are victims of racial
11 discrimination."  Opp'n at 5.  Marshall also argues that he cannot
12 be sanctioned under § 1927 because he is no longer a lawyer and he
13 represented himself pro se.  Id. at 6.

14    While § 1927 sanctions may be imposed on pro se litigants in
15 the Ninth Circuit, Wages v. Internal Revenue Serv., 915 F.2d 1230,
16 1235-36 (9th Cir. 1990),[1] the Court finds that they would be
17 inappropriate here.  The Court maintains that Marshall is a
18 vexatious litigant with respect to his disbarment proceedings.
19 However, such a finding does not automatically require the
20 imposition of sanctions.  See In re Hunt, 754 F.2d at 1294.  In
21 this case, the narrowly tailored pre-filing order previously
22 entered against Marshall is sufficient.  The Court agrees with
23 Marshall, at least in part: Courts should be cautious about issuing
24 sanctions against plaintiffs who bring civil rights suits.  The
25 fact that Marshall previously filed two unsuccessful collateral

---

[1] Other circuits have disagreed with the Ninth Circuit's position on this issue.  See Sassower v. Field, 973 F.2d 75, 80 (2d Cir. 1992) (holding that § 1927 sanctions may not be imposed against pro se litigants).

5

1  attacks to vindicate alleged civil rights violations does not
2  warrant the imposition of sanctions, even if those collateral
3  attacks were substantially similar to the instant action.

**IV.   CONCLUSION**

For the reasons set forth herein, the Court DENIES the WSBA Defendants' motion for attorney fees.

IT IS SO ORDERED.

Dated:   July 20, 2012            

                                  UNITED STATES DISTRICT JUDGE