```
                IN THE UNITED STATES DISTRICT COURT

              FOR THE WESTERN DISTRICT OF WASHINGTON

                            AT SEATTLE
```

| | |
|---|---|
| BRADLEY MARSHALL, | ) Case No. CV-11-5319 SC |
| Plaintiff, | ) ORDER RE: MOTION FOR LEAVE<br>) TO PROCEED |
| v. | ) |
| WASHINGTON STATE BAR ASSOCIATION, et al., | ) |
| Defendants. | ) |

## I.  INTRODUCTION

This matter comes before the Court on Plaintiff Bradley Marshall's motion for permission to proceed with an adversary complaint against the Washington State Bar Association ("WSBA") in federal bankruptcy court and a legal malpractice action against Kurt Bulmer in the King County Superior Court.  ECF No. 100 ("Mot.").  WSBA has opposed the Motion and Mr. Marshall has filed a reply.  ECF Nos. 102 ("Opp'n"), 106 ("Reply").  The Court finds this matter appropriate for determination without oral argument.  As detailed below, the Court DENIES the Motion as it pertains to the bankruptcy action and issues sanctions against Mr. Marshall for unreasonably and vexatiously multiplying proceedings.

///
///
///

## II. BACKGROUND

Mr. Marshall, formerly an attorney, was charged with misconduct by WSBA and ultimately disbarred by the Washington State Supreme Court in 2009. See ECF No. 79 ("May 23 Order") at 3-5. Between 2009 and 2011, Mr. Marshall filed three collateral attacks challenging the conduct of his disbarment proceedings. Mr. Marshall's first collateral attack was filed in the Western District of Washington and was dismissed with prejudice after the district court determined that it lacked jurisdiction to intervene in an ongoing disciplinary action. Id. at 7.

Mr. Marshall's second collateral attack was filed in federal bankruptcy court. Id. at 7-9. Mr. Marshall's adversary complaint in that action alleged that his rights to a fair and impartial hearing were violated because his WSBA hearing officers were biased. Id. Though the issue was not raised in Mr. Marshall's amended complaint, later motion practice and appeals revealed that Mr. Marshall's aim was to avail himself of the automatic stay imposed under the Bankruptcy Code to prevent the Washington Supreme Court from disbarring him. Id. at 8. The bankruptcy court found that "there was no stay violation in the disciplinary proceeding" and that Mr. Marshall's claims were otherwise barred by the Rooker-Feldman doctrine and claim and issue preclusion. ECF No. 68-6 at 50, 58. The bankruptcy court's ruling was affirmed by the district court and the Ninth Circuit, which categorized Mr. Marshall's litigation as "vexatious and wasteful." May 23 Order at 9; Marshall v. Wash. State Bar Ass'n, 448 Fed. Appx. 661, 663 (9th Cir. 2011).

Mr. Marshall's third collateral attack was filed with this

Court, and it looked much like his first two.  Mr. Marshall's suit targeted WSBA and fifty-three other defendants, claiming that their conduct during his disbarment proceedings violated his due process and equal protection rights, among other things.  ECF No. 1.  On May 23, 2011, the Court granted the defendants' motions for judgment on the pleadings, finding that Mr. Marshall's claims were barred by res judicata and the Rooker-Feldman Doctrine, among other things.  In light of Mr. Marshall's prior actions, the Court designated Mr. Marshall as a vexatious litigant and entered this Pre-Filing Order:

> Should Marshall wish to file any future claims in this District against any Defendant in this action, whether individually or in any combination thereof, each filing shall be preceded by a Motion for Leave.  The Motion for Leave shall contain a certification under Federal Rule of Civil Procedure 11 providing the factual and legal basis for the claim and the specific reason(s) why it falls outside the scope of this Order, and shall be accompanied by a copy of the pleading or document Marshall seeks leave to file. . . . This pre[-]filing order shall apply only to future claims that are directly or indirectly related to Marshall's disbarment or the disciplinary proceedings described above.

Id. at 28-29.

After the Pre-Filing Order was entered, Mr. Marshall continued to assert legal challenges related to his disciplinary proceedings.  On June 29, 2012, Mr. Marshall filed an action against "Kurt Bulmer, et al" in King County Superior Court (the "Bulmer Action"), Case No. 12-2-23116-8 SEA.  ECF No. 103 Ex. A.  Though only Mr. Bulmer is named in the caption, the text of the complaint indicates that Mr. Marshall also intended to sue a number of the defendants named in his other collateral attacks, including WSBA and the Washington State Supreme Court.  Id. ¶¶ 3-4.  Mr. Marshall later

3

1 amended the complaint so as to only name Mr. Bulmer, as well as a
2 number of John and Jane Does.  Mot. Ex. 2.  It appears that Mr.
3 Bulmer represented Marshall at the hearing stage of the
4 disciplinary proceedings that resulted in his disbarment.  See id.
5 Mr. Marshall alleges that Mr. Bulmer conspired with the hearing
6 officer at his disciplinary proceedings with the intent of bringing
7 about his suspension and ultimate disbarment.  Id. ¶ 17.

8     Several months later, on September 10, 2012, Mr. Marshall
9 filed a second adversary complaint against WSBA in the bankruptcy
10 court for the Western District of Washington, Bankruptcy Case No.
11 09-14944, his fourth collateral attack in federal court.  Mot. Ex.
12 1 ("Adversary Complaint").  As in the second collateral attack, the
13 Adversary Complaint asserts that WSBA's disciplinary proceedings
14 against Mr. Marshall violated the automatic bankruptcy stay because
15 they were not excluded from the reach of the stay and because the
16 proceedings "were conducted in [a] fraudulent and bad faith manner
17 by a non-governmental unit."  Id. at 3.

18     On September 24, 2012, Mr. Marshall filed the instant Motion,
19 asking for permission to proceed with the Bulmer Action and the
20 Adversary Complaint in accordance with the Pre-Filing Order.  The
21 Motion was filed after Mr. Marshall filed the Bulmer Action and the
22 Adversary Complaint.  WSBA has opposed the Motion, arguing that
23 both the Bulmer Action and the Adversary Complaint constitute
24 impermissible attempts to re-litigate matters that were already
25 settled in Mr. Marshall's three prior collateral attacks.
26 ///
27 ///
28 ///

4

## III. DISCUSSION

### A. The Bulmer Action

The Court finds that the Bulmer Action falls outside the scope of the Pre-Filing Order. That order only applies to claims filed in this "District," meaning the Western District of Washington. In the interests of federalism and comity with the state courts, the Court did not intend for the Pre-Filing Order to apply to state court proceedings. As such, Mr. Marshall was not required to seek leave of the Court prior to filing the Bulmer Action.

### B. The Adversary Complaint

The Court reaches a different conclusion with respect to Mr. Marshall's Adversary Complaint in bankruptcy court. Mr. Marshall asserts that the Adversary Complaint necessarily falls outside the scope of the Pre-Filing Order because bankruptcy courts have exclusive jurisdiction over claims concerning an alleged violation of the bankruptcy stay. Mot. at 5. Mr. Marshall cites a number of cases which stand for the uncontroversial proposition that bankruptcy courts have jurisdiction over cases under Title 11 of the United States Code, including claims for violations of the automatic bankruptcy stay under 11 U.S.C. § 362(k). See id. at 4-5; Reply at 4. However, none of these cases suggest that the bankruptcy courts alone have exclusive jurisdiction over such matters. See, e.g., In re Aheong, 276 B.R. 233, 239-45 (B.A.P. 9th Cir. 2002).

Moreover, under 28 U.S.C. § 1334(a), district courts, like this one, have "original and exclusive of all cases under title 11." Further, under § 1334(b) district courts have "original but not exclusive jurisdiction of all civil proceedings arising under

5

title 11, or arising in or related to cased under title 11." 28 U.S.C. § 1334(b). Thus, the undersigned, presiding by designation in the Western District of Washington, may properly exercise jurisdiction over Mr. Marshall's claims under, arising in, or related to his bankruptcy.

Mr. Marshall's Adversary Complaint also falls squarely within the scope of the Court's Pre-Filing Order. The Complaint was filed in the Western District of Washington; it was filed against WSBA, one of the defendants in Mr. Marshall's third collateral attack; and it concerns claims that are directly related to Mr. Marshall's disbarment and disciplinary proceedings. See May 23 Order at 28-29; Adversary Complaint at 3-4.

The Court finds that Mr. Marshall has failed to offer a coherent factual or legal basis for why his Adversary Complaint is not controlled by the previous rulings in his three prior collateral attacks. Mr. Marshall argues that "[t]he claims are different and the people are different." Mot. at 6. But that clearly is not true. With respect to the "people," Marshall has sued WSBA three times before. See May 23 Order at 6-11.

Further, the Adversary Complaint raises the same issues that were addressed and rejected in Mr. Marshall's three prior collateral attacks. This Court, and a number of other courts, have already dealt with Mr. Marshall's claim that his "disciplinary proceedings were conducted in a fraudulent and bad faith manner." See May 23 Order at 13-24. Further, this Court has already found that the lower federal courts lack jurisdiction to void Mr. Marshall's disbarment, see id. at 15, which is exactly the remedy that he is seeking in the Adversary Complaint. Adversary Complaint

at 8. Mr. Marshall's claim that WSBA violated the automatic stay is also not new. It was raised in Mr. Marshall's second collateral attack and expressly rejected by the bankruptcy court, ECF No. 68-6 at 58, the district court, id. at 80-81, and the Ninth Circuit, id. at 88.

Accordingly, the Court DENIES Mr. Marshall's motion for leave to proceed with the Adversary Complaint.

### C. Sanctions

WSBA requests that the Court sanction Mr. Marshall in the amount of $2,000 for vexatious and wasteful litigation tactics pursuant to 28 U.S.C. § 1927. Section 1927 provides: "Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Section 1927 sanctions require a bad faith showing and may be imposed upon a pro se plaintiff, such as Mr. Marshall. Wages v. Internal Revenue Serv., 915 F.2d 1230, 1235-36 (9th Cir. 1990).

The Court is satisfied that § 1927 sanctions are appropriate here. The Adversary Complaint is Mr. Marshall's fourth collateral attack on his disbarment proceedings. As set forth above, the claims asserted in the Adversary Complaint do not materially differ from the claims which this Court and multiple other courts rejected in Mr. Marshall's previous actions. Accordingly, Mr. Marshall should have been fully aware that his claims lacked merit when he filed the Adversary Complaint.

The Court previously declined to award § 1927 sanctions in

1 conjunction with Mr. Marshall's third collateral attack, finding
2 that the "narrowly tailored pre-filing order . . . entered against
3 Marshall [wa]s sufficient." ECF No. 99 at 5. However, it is now
4 apparent that the Pre-Filing Order is not enough -- Mr. Marshall
5 continues to press his meritless claims against WSBA. Mr.
6 Marshall's bad faith is further underscored by the fact that he did
7 not seek leave of the Court until after he filed the Adversary
8 Complaint, in clear violation of the Pre-Filing Order.

    For these reasons, the Court ORDERS Mr. Marshall to pay a sanction of $2,000 to WSBA pursuant to 28 U.S.C. § 1927.

## IV.  CONCLUSION

    For the reasons set forth above, the Court finds that Plaintiff Bradley Marshall's state court action against Carl Bulmer is not subject to the Court's May 23, 2012 Pre-Filing Order. The Court also finds that Mr. Marshall's Adversary Complaint against the Washington State Bar Association, currently pending before the Bankruptcy Court for the Western District of Washington, is subject to the Pre-Filing Order and DENIES Mr. Marshall's motion for leave to proceed with that action. Finally, the Court finds the Adversary Complaint constitutes unreasonable and vexatious litigation and ORDERS Mr. Marshall to pay WSBA $2,000 as a sanction pursuant to 28 U.S.C. § 1927.

    IT IS SO ORDERED.

Dated: November 30, 2012

UNITED STATES DISTRICT JUDGE